MARTHA AVERY & others *vs.* BOSTON RENT BOARD. June 4, 1981. In an appeal claimed by the tenants of thirty-four apartments from the board's 1976 allowance of a rent increase, a judge of the Boston Division of the Housing Court Department, in May of 1978, ordered that the board reconsider its decision in light of *Niles* v. *Boston Rent Control Admr.*, 6 Mass. App. Ct. 135 (1978). On remand, the board recalculated the rent increase and applied the new rates to all those units, a total of fifty-six, whose occupants had appeared before the board in the 1976 proceedings. See *Sniffin* v. *Prudential Ins. Co. of America*, 11 Mass. App. Ct. 714, 719 n.9 (1981). The landlord then appealed, and the judge affirmed the rates as readjusted. However, he concluded that because the "[b]oard was never given permission to expand its jurisdiction on the remand" action, it could not apply the adjusted rates to units other than the thirty-four whose tenants had appealed from the 1976 determination. The board appeals, and it argues that the judge's limitation on the applicability of the new rates is an infringement upon the powers of the board. We agree.

1. It is the function of the board to set and to apply rent rates in a manner consistent with its legislative mandate, c. 15, §§ 2(c), 5 & 6, of the Ordinances of the City of Boston (1975), and it is the role of the court, when its jurisdiction is invoked under § 6(e), to "decide whether the board's decision was supported by the facts before it and was legally justified." *Sherman* v. *Rent Control Bd. of Brookline*, 367 Mass. 1, 10

---

[2] We note with approval the procedure followed by the trial judge in this case which has avoided the need for a new trial.

(1975). The court's jurisdictional limitations, however, cannot be imposed on the board to "foreclose . . . [it], after its error has been corrected, from enforcing the legislative policy committed to its charge," *Federal Communications Commn.* v. *Pottsville Bdcst. Co.*, 309 U.S. 134, 145 (1940), and the board could properly correct the rent rates of those fifty-six apartments whose tenants had originally appeared before it. See also *Securities & Exch. Commn.* v. *Chenery Corp.*, 332 U.S. 194, 201 (1947); *United Gas Improvement Co.* v. *Callery Properties, Inc.*, 382 U.S. 223, 229 (1965); *Sherman* v. *Rent Control Bd. of Brookline*, 367 Mass. at 11 n.10.

2. The board's powers are not so broad, however, that it can apply the readjustment made in 1978 to those tenants who never even appeared before it in 1976 or otherwise became parties to these proceedings. Compare *Federal Communications Commn.* v. *Pottsville Bdcst. Co.*, 309 U.S. at 140; *Sniffin* v. *Prudential Ins. Co. of America*, 11 Mass. App. Ct. at 719-721. If the board in its discretion and expertise deems it desirable to equalize the rent rates, it may do so in accordance with the procedure set out in § 6(b). Cf. *United Gas Improvement Co.* v. *Callery Properties, Inc.*, 382 U.S. at 229; *Public Serv. Co.* v. *Federal Energy Regulatory Commn.*, 600 F.2d 944, 960-961 (D.C. Cir.), cert. denied, 444 U.S. 990 (1979). Compare *Maine Pub. Serv. Co.* v. *Federal Power Commn.*, 579 F.2d 659, 667-668 (1st Cir. 1978).

The judgment of the Boston Division of the Housing Court Department is reversed and the matter is remanded to that court for entry of a new judgment affirming the board's decision of November 30, 1978, in all respects.

*So ordered.*

*Russell Fanara* for Boston Rent Board.